[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-12164
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 20, 2011
JOHN LEY
CLERK

D.C. Docket No. 4:09-cv-00187-HLM


MS. SERPENTFOOT,

Plaintiff - Appellant,

versus

ROME CITY COMMISSION,
WRIGHT BAGBY,
KIM CANADA,
BILL COLLINS,
JAMIE DOSS, et al.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 20, 2011)

Before TJOFLAT, EDMONDSON and CARNES, Circuit Judges.


PER CURIAM:

Ms. Serpentfoot, proceeding pro se, appeals the dismissal of her second

amended civil complaint for failure to state a claim, Fed.R.Civ.P. 12(b)(6). No reversible error has been shown; we affirm.

Serpentfoot filed a complaint against many defendants including (1) the Commission for the city of Rome, Georgia ("City") and its commissioners; (2) the Floyd County Commission ("County") and its commissioners; and (3) state court judges, a magistrate judge, and a prosecutor. She alleged that the City and County defendants committed many wrongs against her in relation to elections, the conduct of meetings, and the treatment of certain property. She also alleged wrongs by the judges and prosecutor in relation to previous criminal cases against her. Serpentfoot sought damages and injunctive relief.

The district court observed that Serpentfoot's complaint was "no model of clarity" and acknowledged the "shotgun" nature of her pleading. Still, the court reviewed thoroughly Serpentfoot's first and second amended complaints and engaged in a detailed analysis of her claims.[1] The district court dismissed all claims for damages against all defendants for reasons including immunity, statute of limitations, res judicata, failure to state a claim, and lack of subject-matter

---

[1] Throughout this litigation, it has been difficult to discern Serpentfoot's precise claims. We commend the district court for sorting through all the claims. See Morro v. City of Birmingham, 117 F.3d 508, 515 (11th Cir. 1997) (noting that "[t]he use of shotgun pleadings in civil cases is a ubiquitous problem," and that "it is particularly important for district courts to undertake the difficult, but essential, task of attempting to narrow and define the issues before trial") (internal quotation omitted).

jurisdiction. But the court ordered an additional round of briefing on Serpentfoot's claim (for injunctive relief) that the Christian prayers that opened City and County Commission meetings violated the First Amendment. After reviewing the parties' responses, the court determined that Serpentfoot had alleged no facts that the City's or County's prayer practice either advanced one faith or disparaged another, and dismissed this final claim.

We review de novo a district court's Rule 12(b)(6) dismissal. Clark v. Riley, 595 F.3d 1258, 1264 (11th Cir. 2010). And we construe liberally pro se pleadings. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). We address each of Serpentfoot's appellate arguments in turn.

On her prayer claim, Serpentfoot maintains that the City's and County's prayers disparaged her religion. Sectarian prayers offered before the opening of legislative meetings do not violate the Establishment Clause, unless the prayers were meant to advance any religion or to disparage another religion. See Pelphrey v. Cobb County, Ga., 547 F.3d 1263, 1271 (11th Cir. 2003). Although Serpentfoot argues in general fashion that the prayers disparaged her religion, she alleged no facts showing that the prayers opening the City's and County's meetings had the effect of advancing or disparaging a certain religion; her mere suppositions to the contrary do not entitle her to relief. See Bell Atl. Corp. v.

Twombly, 127 S.Ct. 1955, 1964-65 (2007) (explaining that plaintiff's obligations to show the grounds of her entitlement to relief require more than labels and conclusions and that allegations must rise above the speculative level).

The district court applied the doctrine of res judicata to Serpentfoot's claim for injunctive relief to stop future non-historical development at the gravesite of a Cherokee Chief. Serpentfoot argues that res judicata did not apply because her present complaint was about different development projects than her earlier complaint; and, thus, the complaints did not involve the same causes of action. To determine whether the same cause of action is involved, "we must decide whether the actions arise out of the same nucleus of operative fact, or are based upon the same factual predicate." Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1187 (11th Cir. 2003) (internal quotation omitted).

Serpentfoot's earlier lawsuit alleged that the City defendants were involved in a development project that would destroy the home and gravesites of her Cherokee ancestors. The instant lawsuit is based on those same facts. That Serpentfoot's current lawsuit referred to different development projects than the first lawsuit does not change that the lawsuits were based on the same factual

4

predicate that commercial development would destroy the gravesite.[2]

Serpentfoot contends that the district court had subject-matter jurisdiction over her election fraud claim. In her complaint, Serpentfoot alleged that defendants scheduled a County election for a Special Purpose Local Option Sales Tax ("SPLOST") on a City SPLOST election date, which diluted County voter turnout and, thus, infringed upon her equality of franchise. Federal courts will not intervene in "garden variety election disputes" to "examine the validity of individual ballots or supervise the administrative details of a local election," because such disputes do not rise to the level of a constitutional deprivation. Curry v. Baker, 802 F.2d 1302, 1314-15 (11th Cir. 1986). And if a plaintiff has not been deprived of a constitutional right, courts lack jurisdiction over a 42 U.S.C. § 1983 claim. Gamza v. Aguirre, 619 F.2d 449, 452 (5th Cir. 1980). Serpentfoot's allegations show, at most, a single instance of vote dilution and not an election process that has "reached the point of patent and fundamental unfairness" indicative of a due process violation. See Roe v. Alabama, 43 F.3d 574, 580 (11th Cir. 1995).

Serpentfoot claims that the district court's statute of limitations rulings on

---

[2] Serpentfoot does not challenge that the other elements of res judicata were met or the district court's decision that collateral estoppel barred this claim against the County defendants.

her section 1983 and RICO claims were in error because she complained of continuing violations and defendants have not ceased their wrongdoings. But the statute of limitations began to accrue on these claims when Serpentfoot knew or should have known that she suffered the injury that formed the basis of her complaint, not upon the eventual termination of defendants' misdeeds. See Rotella v. Wood, 120 S.Ct. 1075, 1080 (2000); Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003).[3]

The district court dismissed the judges and prosecutor on grounds of absolute immunity. On appeal, Serpentfoot argues that these defendants were unentitled to immunity because they violated their oaths of office and her constitutional rights. But Serpentfoot has not shown that the judges acted outside their judicial capacity in sentencing Serpentfoot in a criminal case and in requiring her to "un-file" a complaint at the clerk's office. See Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005) (explaining that judges are entitled to absolute immunity for acts taken in their judicial capacity and with jurisdiction, even if

_____

[3] To the extent Serpentfoot's RICO claim was not barred by the statute of limitations, the district court concluded that Serpentfoot had not plead sufficiently a RICO violation. Serpentfoot's argument to the contrary is unavailing. Her allegations -- about harassment from building inspectors for failure to comply with certain codes, election fraud, and the issuance of false arrest warrants against her -- fall far short of conduct constituting a criminal violation necessary to show a pattern of racketeering activity under the RICO statute. See 18 U.S.C. § 1961(1) (defining racketeering as any act that is indictable under a lengthy list of state and federal criminal offenses).

6

such acts are malicious or in excess of their jurisdiction).  And the prosecutor also was entitled to absolute prosecutorial immunity because the issuance of arrest warrants against Serpentfoot fell within the prosecutor's role as an advocate for the state.  See Rehberg v. Paulk, 611 F.3d 828, 837 (11th Cir. 2010).

Serpentfoot has demonstrated no error in the district court's dismissal of her second amended complaint; and we affirm.[4]

AFFIRMED.

---

[4] Serpentfoot raises many claims unrelated to the district court's reasons for dismissing her complaint -- including the court's failure to address her standing and failure to determine whether defendants were entitled to qualified immunity -- that we need not decide now.  In addition, we have considered Serpentfoot's general arguments that the district court did not accept her fact allegations as true and that the court erred in denying reconsideration; and we conclude that these arguments are without merit.